## CIRCUIT COURT OF LOUDOUN COUNTY

Theresa Salgado Cohen et al.

v.

Don Olson

June 1, 1993

Case No. (Law) 14416

BY JUDGE JAMES H. CHAMBLIN

This case is before the Court on the Plea in Bar of the Statute of Limitations. The Plea is overruled.

The Plea was filed in response to the Bill of Complaint filed herein on February 8, 1993, seeking damages from Olson for fraud alleged to have been discovered no later than December 1990. By agreement of counsel the cause was transferred to the law side of the Court by order entered April 2, 1993.

The plaintiffs originally filed suit in this Court on May 3, 1991, on the same fraud cause of action against Westchester Homes of Virginia, Inc., and Olson. The caption of the bill of complaint listed Olson as follows: "DON OLSON Hold Service."

No service was ever requested on Olson. On December 11, 1991, the plaintiffs secured a default judgment against Westchester Homes. On August 7, 1992, an order was entered at the request of the plaintiffs nonsuiting Don Olson pursuant to Section 8.01–380.

On February 8, 1993, the plaintiffs refiled (within the six month period of Section 8.01–380) for the same fraud cause of action against Olson listing him in the caption as follows: "DON OLSON serve: 2701 Omisol Road, Woodbridge, VA 22192."

The statute of limitations for fraud is two years under Section 8.01–243(A) commencing when the fraud is discovered or by the exercise of due diligence reasonably should have been discovered under

Section 8.01–249. Therefore, unless the first suit was properly commenced the statute of limitations has run on the plaintiffs' fraud claim.

Olson argues that the suit first filed on May 3, 1991, was not properly commenced because the plaintiffs did not comply with the provisions of Section 8.01–290, which states in pertinent part:

> Upon the commencement of every action, the plaintiff shall furnish in writing to the clerk or other issuing officer the full name and last known address of each defendant and if unable to furnish such name and address, he shall furnish such salient facts as are calculated to identify with reasonable certainty such defendant.

It is clear that upon and after the filing the bill of complaint on May, 3, 1991, until the nonsuit order of August 7, 1992, the plaintiffs did not furnish to the Clerk all the information required by Section 8.01–290. It is arguable that they supplied a full name for Olson, but from a mere reading of the pleading it cannot be said that "Don Olson" was not his full name. A reading of the bill of complaint shows that "Don Olson" was not an unknown person, but a person with that name who was employed as a sales manager for Westchester Homes. Therefore, I cannot find that "Don Olson" is similar to a defendant who is unknown and who might have otherwise been sued as "John Doe."

Olson argues that because the plaintiffs did not give the Clerk all the information required by Section 8.01–290 during the pendency of the first suit the suit was never "commenced," and, if it was never "commenced," then the only suit commenced against him was the second suit filed February 8, 1993. Because the second suit was commenced after the two-year statute of limitations expired, Olson argues that the fraud claim is time barred.

Olson misreads Section 8.01–290. It does not say that a case is not commenced until the information is furnished. It says that "upon" or when the suit is commenced the plaintiff shall provide the information. The reference to "commencement" is merely a reference to the time when the information is to be furnished. This is so for two reasons. First, the last sentence of Section 8.01-290 provides that failure to comply with its requirements shall not affect the validity of any judgment. The commencement of a suit is very important for a variety of reasons, not the least of which is for purposes of the applicable statute of limitations. If the legislature had felt that providing the information

to the Clerk was a necessary element of the commencement of the action, then it would never have added the last sentence to Section 8.01–290. Second, the commencement of a suit in equity or an action at law is covered by the Rules. Under Rule 2:2 as to suits in equity and Rule 3:3(a) as to actions at law, a suit in equity or an action at law is commenced merely by the filing in the clerk's office of a bill of complaint or a motion for judgment, respectively. Here the plaintiffs commenced the first case within the period of limitations. The Plea in Bar is, therefore, overruled.